SUMMIT-PORTAGE CONCRETE & SUPPLY CO., APPELLEE, *v.* HUNTER, APPELLANT, ET AL.

[Cite as Summit-Portage Concrete & Supply Co. v. Hunter, 1 Ohio App. 2d 545.]

(No. 5588—Decided March 24, 1965.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellee.

*Mr. Robert E. Shuff,* for appellant.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from an order of the Common Pleas Court of Summit County sustaining a demurrer to the cross-petition of the defendant-appellant, Doris L. Hunter, and dismissing such cross-petition without prejudice.

We hold the judgment dismissing the cross-petition to be

a final order. We shall, therefore, discuss the principal issue— whether the demurrer was properly sustained.

Summit-Portage Concrete & Supply Company commenced an action to foreclose a mechanic's lien against land owned by Doris L. Hunter. A contractor named Roy Magazine had a contract with Doris L. Hunter to erect a house on this land. Roy Magazine contracted with certain suppliers, among them the plaintiff, to supply materials to construct the house. It is claimed that Roy Magazine failed to pay the plaintiff for materials furnished in the building of the house, and a mechanic's lien was then filed against the premises. In the instant action, it is this mechanic's lien that is sought to be foreclosed.

By leave of court, Doris L. Hunter made Roy Magazine, the contractor, a party to the action, and then filed an answer to the petition for foreclosure, and a cross-petition. In this cross-petition, an allegation is made as to each of several sub-contractors, including the plaintiff, that such subcontractors were "affiliated with and associated in the construction and improvement business" with Roy Magazine. The prayer of the cross-petition seeks no relief against any of the subcontractors, but does ask for a large money judgment against the principal contractor, Roy Magazine.

The demurrer is based upon Section 2309.08, Revised Code, subsections (E), (H) and (J).

The question arises as to whether an owner of premises that are being foreclosed as a result of a mechanic's lien may join the principal contractor in that action and seek to recover damages from him for the claimed breach of contract in failing to complete the improvement within the cost and time limit set out in the original contract.

Except for the vague claims against the subcontractors, there is nothing alleged herein which purports a contractual relationship between Doris L. Hunter and the suppliers of materials who are allegedly unpaid, and who now resort to the mechanic's lien law to collect their money.

Section 2307.191, Revised Code, in its pertinent part, says:

"(A) * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transac-

tions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"* * *"

This is a liberal joinder statute which was enacted without a repeal of earlier statutes in the matter of joinder of parties.

The foreclosure herein comes about as a result of a contract between Hunter and Magazine. There is no contractual relationship between Hunter and the suppliers. These suppliers do have a claim against Magazine personally, and Hunter has a claim against Magazine personally; but the suppliers have no claim against Hunter personally, only a claim against the land and improvement made to such land. Magazine was not a party to the action until brought in by Hunter. Magazine is not a necessary party to the foreclosure proceedings since he has no ownership interest in the land being foreclosed.

Section 2307.191, Revised Code, permits a joinder of master and servant as defendants. *Darling* v. *Home Gas & Appliances, Inc.,* 175 Ohio St. 250. It does not permit a joinder of causes of action that is contrary to Section 2309.06, Revised Code. *Huggins* v. *John Morrell & Co.,* 176 Ohio St. 171. (These cases concerned joinder in tort actions.)

In the instant case, we have the statutory remedy of foreclosure, but all parties to the action are not affected in the same manner. Hunter seeks a recovery for claimed breach of contract, and asks for punitive damages from the principal contractor.

Under Section 2307.191, Revised Code, in order for a proper joinder to exist, there must be asserted against the parties a right to relief arising out of a transaction as set out in the statute. There is a necessity for a common question of law, or fact, to arise. Both factors must exist for a proper joinder to take effect under this new statute, Section 2307.191, Revised Code. In addition, under Section 2309.06, Revised Code, the matter must affect all the parties to the action.

It is our conclusion that these necessary factors do not appear in the instant case. The demurrer was properly sustained. The judgment, therefore, must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.