RYAN, APPELLEE, *v.* MACKOLIN ET AL., APPELLANTS.

(No. 40868—Decided May 22, 1968.)

214

*Messrs. Sebastian, Fais, Durst & Marsh,* for appellee.
*Messrs. Power, Griffith, Jones & Bell* and *Mr. William H. Schneider,* for appellant Mackolin.
*Messrs. Hamilton, Kramer & Myers* and *Mr. Joseph R. Hague,* for appellants Boley.

SCHNEIDER, J.   This is a case of initial consideration in Ohio.   By authority of Section 2307.191, Revised Code, plaintiff has joined in one action two defendants whose alleged separate and unrelated torts caused his single, compounded injury.   The pertinent portion of Section 2307.191,

Revised Code, upon which plaintiff relies, reads as follows:

"(A) . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A . . . defendant need not be interested in . . . defending against all the relief demanded. Judgment may be given . . . *against one or more defendants according to their respective rights to relief, and against one or more defendants according to their respective liabilities.*

"(B) The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and *may order separate trials or make other orders to prevent delay or prejudice.*" (Emphasis supplied.)

This statute became effective August 26, 1963. However, joinder of causes not affecting all the parties to an action continued to be proscribed by Section 2309.06, Revised Code,[2] until its repeal on July 20, 1965. *Huggins* v. *John Morrell & Co.,* 176 Ohio St. 171. But, see *Henderson* v. *Ryan,* 13 Ohio St. 2d 31. Compare, however, *Darling* v. *Home Gas & Appliances, Inc.,* 175 Ohio St. 250, which recognized that joinder of master and servant as defendants was authorized by Section 2307.191, Revised Code, both parties being equally affected by the action. See *State, ex rel. Flagg,* v. *Bedford,* 7 Ohio St. 2d 45.

Nevertheless, permissive joinder of parties was not further extended while the language of Section 2309.06, Revised Code, remained operative. Thus, in *Summit-Portage Concrete & Supply Co.* v. *Hunter,* 1 Ohio App. 2d 545, the syllabus reads:

"The defendant-owner of premises that are being fore-

---

[2]Section 2309.06, Revised Code, read as follows: "The causes of action united as provided in Section 2309.05 of the Revised Code must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

closed by a holder of a mechanic's lien may not join, under the provisions of Section 2307.191, Revised Code, in that action by way of cross-petition the principal contractor and seek to recover from him damages for a claimed breach of contract in failing to complete the improvement within the cost and time limit set out in the original contract."

The court, at page 547, found two requisites for proper joinder under Section 2307.191, Revised Code, viz., "there must be asserted against the parties a right to relief arising out of a transaction as set out in the statute . . . [and] a common question of law, or fact . . . . Both factors must exist. . . . *In addition, under Section 2309.06, Revised Code, the matter must affect all the parties to the action.*" (Emphasis supplied.)

That decision was announced March 24, 1965, and Seciton 2309.06, Revised Code, was repealed, as we have noted, the 20th of July following. That sequence of events at least indicates an expression by the General Assembly of its disapproval of that statute's stringent effect.

In *Henderson* v. *Ryan, supra* (13 Ohio St. 2d 31), we observed that Section 2309.05, Revised Code,[3] relating to joinder of causes of action and Section 2307.191, Revised Code, relating to joinder of parties are no longer controlled by the provisions of Section 2309.06, Revised Code.

"Thus, the Code no longer contains any impediment to the joinder of causes of action of the kind asserted by the plaintiff in this case. The statutory changes reflect a constantly developing policy in the pursuit of simplified pleading and procedure. To save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action, except to the extent that joinder of multifarious and complex issues would produce confusion and prejudice. Defendants and the courts

---

[3]Section 2309.05, Revised Code, provides in pertinent part:

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

"* * *

"(D) Injuries to person and property, or to either;"

are thus saved from vexation caused by multiple litigation.''[4] (13 Ohio St. 2d 31, 38.)

The joinder of defendants in the instant case is in accord with that policy and fully satisfies the statutory demands. The successive rear-end collisions constitute a ''series of occurrences'' causing the injury for which plaintiff seeks recompense. The causal contribution of each defendant to the plaintiff's compounded injury is a question of fact common to all the parties and may more effectively be determined before one trier of the facts in a single action. If it becomes apparent that the proceedings will be tainted with injustice, the court is empowered, under subparagraph (B) of the statute to order ''separate trials or make other orders to prevent delay or prejudice.''

Both appellants urge that the decisions of the federal courts interpreting Rule 20 of the Federal Rules of Civil Procedure indicate that this court should reverse the Court of Appeals and disallow their joinder. Nevertheless, in three of the four federal *personal injury* cases cited by the parties here, joinder of independent successive tort-feasors was sustained. *Poster* v. *Central Gulf Steamship Corp.*, 25 F. R. D. 18 (D. C., E. D. Pa.); *McNeil* v. *American Export Lines, Inc.*, 166 F. Supp. 427 (D. C., E. D. Pa.); and *Lucas* v. *Juneau*, 127 F. Supp. 730 (successive tort-feasors severally, not jointly, liable).

In *Poster*, plaintiff's joinder of successive employers was permitted under Federal Rule 20 (the precursor of

[4]See Prosser on Torts (3d Ed.) 263, footnote 48:

''The result of the refusal to permit joinder is that: (1) in the separate suits it is open to each defendant to prove that the other was solely responsible, or responsible for the greater part of the damage, and so defeat or minimize recovery; (2) it is equally open to the plaintiff to prove that each defendant was solely responsible, or responsible for the greater part of the damage, and so recover excessive compensation; (3) the two verdicts will seldom have any relation to one another; (4) different witnesses may be called in the two suits, or the same witness may tell different stories, so that the full truth is told in neither; (5) neither defendant may cross-examine the other, or his witnesses, and plaintiff may not cross-examine both in one action; (6) time and expense are doubled.''

our statute under consideration here) where he alleged that he had contracted amebiasis caused by their negligence in suffering infected persons to prepare food and use the lavatory, even though the alleged wrongful act of the second defendant occurred three months after that of the first. The court reasoned that the claim for relief was based upon two occurrences of the same nature and that whether the employment of the infected persons was negligent was a question of fact common to both. Reference was made to *McNeil*, where the plaintiff successfully joined two employers for consecutive acts of negligence allegedly causing injury to his back.

Appellants lean heavily on *Caygill* v. *Ipsen*, 27 Wis. 2d 578, 135 N. W. 2d 284 (decided June 1, 1965). The drivers of two automobiles involved in separate collisions in different counties five months apart were joined as defendants. The plaintiff alleged that the trauma sustained in both accidents constituted a single indivisible injury for which the drivers of both cars were jointly and severally liable. The Supreme Court of Wisconsin, relying on Sections 261.01 (11) and 263.04, Wis. Stats., held that two separate causes of action had been improperly joined in that they did not affect both defendants equally and required different places of trial contrary to a specific statutory interdiction. cf. *Shawd* v. *Donahoe*, 97 Ohio App. 252, m. c. o. June 16, 1954, 27 Ohio Bar 507.

Section 263.04, Wis. Stats., is practically identical to our former statute, Section 2309.06, Revised Code. Apparently, no statute similar to Section 2307.191, Revised Code, existed in Wisconsin. At least, none is referred to. It may rationally be inferred that, by enacting Section 2307.191, Revised Code, and by repealing Section 2309.06, Revised Code, our General Assembly intended to forestall a result similar to that reached in Wisconsin.

Ryan asks more than a mere joinder of the independent, successive tort-feasors in one action. He prays for joint or several judgments against them. The general rule is found in 22 American Jurisprudence 2d 30, Damages, Section 14:

"Generally speaking, and apart from the situation

where a defendant is held responsible on the doctrine of respondeat superior or the like, a defendant is liable only to the extent to which his own acts have caused the injury complained of, and it follows that *separate wrongs done by independent agents cannot be joined together to increase; the responsibility of one of the wrongdoers,* notwithstanding any difficulty there may be in determining what part of the injury or loss was the result of the acts or omissions of the defendant, and what part was the result of other causes. It has been said that tort-feasors generally will not be held jointly and severally liable where their independent, concurring acts have caused distinct and separate injuries to the plaintiff, *or where some reasonable means of apportioning the damages is evident.*'' (Emphasis supplied.)

Ohio is in accord. *First National Bank of Barnesville* v. *Western Union Telegraph Co.,* 30 Ohio St. 555.

Ryan urges adoption of the rule announced in *Maddux* v. *Donaldson,* 362 Mich. 425, 108 N. W. 2d 33, 100 A. L. R. 2d 1. The court there held that the driver of a motor vehicle negligently causing a second impact with plaintiff's vehicle 30 seconds after the first impact was jointly and severally liable with the driver of the first motor vehicle for all of the plaintiff's injuries, if the injuries were indivisible and the liability could not be allocated with reasonable certainty as between the successive collisions. ''The fact that one wrong takes place a few seconds after the other is without legal significance. What is significant is that the injury is indivisible. . . . The reason for the rule as to joint liability for damages was the indivisibility of the injuries, not the timing of the various blows. . . .'' (362 Mich. 425, 434.)

The definition of concurrent negligence heretofore formulated by this court supports *Maddux* on its facts, but it cannot sanction a joint judgment here. The first two paragraphs of the syllabus in *Garbe* v. *Halloran,* 150 Ohio St. 476, hold:

''1. Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.

"2. Where the negligence of an earlier wrongdoer remains a dangerous force until the negligence of a later wrongdoer concurs and combines with it to cause an injury, the wrongdoers are concurrent tort-feasors and their combined negligence becomes the proximate cause of the injury."

The concurrence required in Ohio, so as to permit not only the joinder of, but a joint judgment against, both tort-feasors, is not in the production of an injury, but in the negligent placement of plaintiff by the first tort-feasor in a zone of danger so that the negligence of the second tort-feasor injures plaintiff while involuntarily in that zone of danger. In *Garbe, supra,* combined negligent acts occurred "so close in point of time as not to break the chain of causation." (150 Ohio St. 476, 481.) But even the Michigan Supreme Court recognizes that in a concurrent negligence case, "if there is competent testimony, adduced either by plaintiff or defendant, that the injuries are factually and medically separable, and that the liability for all such injuries and damages, or parts thereof, may be allocated with reasonable certainty to the impacts in turn, the jury will be instructed accordingly and mere difficulty in so doing will not relieve the triers of the facts of this responsibility." *Maddux* v. *Donaldson, supra* (362 Mich. 425, at page 432). See 2 Restatement of the Law, Torts, 2d, Sections 433 (A) and 433 (B).

As we understand the petition in this case, Mackolin and Boley are alleged to be independent, but not concurrent tort-feasors and their permissive joinder in one action under Section 2307.191, Revised Code, does not *ipso facto* entitle the plaintiff to a joint judgment against them for the entire damages incurred following the second collision. The dimension of that statute is remedial not substantive, viz., to permit the adjudication in one action of the respective liability of each defendant which might otherwise, but not as fairly, be ascertainable in separate actions brought against them individually, and not to force either defendant to pay (and, indeed, to assist him in not paying)

more than his theoretical share of the damages accruing out of a confused situation which his wrong has helped to create, or more than is shown to have been caused by his wrong.⁵ See annotation 100 A. L. R. 2d 16, 32.

---

⁵Language in the opinion of *Kraft* v. *Smith*, 24 Cal. 2d 124, at page 130, 148 P. 2d 23, at page 26, which is equally applicable to the instant case, is as follows:

" . . . Certainly neither defendant is liable for any injury caused by the independent tort of his codefendant, to which he himself did not proximately contribute. If upon the trial it develops that neither defendant was guilty of negligence then no prejudice will have been occasioned by their joinder in the one action. If it develops that only one defendant was negligent . . . the assessment of the verdict will be simple. If, on the other hand, it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty of proof as to the amount in which each defendant is responsible. (Cf. *Slater* v. *Pacific American Oil Co.* [1931], 212 Cal. 648, [300 P. 31].) To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice. The . . . [possibility] that defendants [might] reside . . . in different counties and that one of them may have to attend court and present his defense in a county other than that of his residence, present[s] a consideration which must be presumed to have been hypothetically weighed by the Legislature in enacting the law. The axiology of the matter was for that body; the consideration stated would not authorize this court to so circumscribe the enactment by 'interpretation' as to defeat its application in such cases. Certainly there are cogent reasons why it should be applied. Through having both defendants before the court at the same time and in the same action it can be expected more sanguinely that a jury should arrive at soundly based and just verdicts.

"The facts that defendants are not joint tortfeasors but independent wrongdoers, and that their negligence operated successively rather than concurrently in time to produce the injury, are not vetitive of the right of joinder. The salutary procedure afforded by sections 379a, 379b, and 379c of the Code of Civil Procedure is clearly intended to be available upon a showing *either* that the negligence of two or more persons, whether joint, independently concurrent, or successive, contributed proximately to cause the injury for which recovery is sought, *or* that the injury for which recovery is sought was proximately caused by the negligence of one or another or several of two or more persons and, as to each person who is not charged absolutely, that a reasonable uncertainty, requiring determination of some factual or legal issue, exists in respect to alternative or quantitative liability."

Although we are obliged to indulge in every inference favorable to the pleader, we cannot ignore the allegation in the petition herein that following the first collision Ryan was hospitalized and received medical treatment for an injury to his back. The nature and extent of the disabling effect of that collision having been subject to medical scrutiny, we cannot assume that however indivisible in *effect* plaintiff's back injury became after the second collision, it will be incapable of separation as to *cause*. The sequence of events here is not such that, however difficult, it should be insurmountable to chart the course of cause to effect as a subsequent event adds its force to the flow. See *Milks* v. *McIver,* 264 N. Y. 267, 190 N. E. 487.

We, therefore, must concur with appellants that "each defendant should only be responsible or liable pro-rata for that part of the damages attributable to his particular factor of causation." Accordingly, several judgments only are warranted against these independent tort-feasors, whose torts are not concurrent, and against each only to the extent and in the proportion that his default proximately contributed to the plaintiff's entire injury, the burden of proof of which should remain upon the latter.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS and HERBERT, JJ., concur.

TAFT, C. J., KERNS and BROWN, JJ., dissent.

KERNS, J., of the Second Appellate District, sitting for O'NEILL, J.

TAFT, C. J., dissenting. Admittedly, the right to join in one action the alleged cause of action against defendant Boley for his negligence in colliding with plaintiff in December 1963, with the alleged cause of action against defendant Mackolin for his negligence in colliding with plaintiff in May 1964, is dependent upon Section 2307.191, Revised Code.

Also, admittedly, that statute will authorize joinder in

the instant case only "if," to use its words, "there is asserted * * * any right to relief * * * arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all of them will arise in the action."

It is argued that the December collision and the May collision represent a "series of occurrences," and that there is "a common question of fact." Admittedly, there must be both such a "series" and such "a common question." In my opinion, there is neither.

In Webster's Third New International Dictionary, it appears that the word "series" is derived from the Latin *"serere* to join, bind together, entwine, link." It is defined as "a group of usually three or more things or events standing or succeeding in order and having a like relationship to each other."

Except for the coincidence that both the December 1963 accident and the May 1964 accident happened to be rear-end collisions and to involve the plaintiff, there is no possible relationship whatever between them.

The words of Section 2307.191, Revised Code, were taken from Rule 20a of the Federal Rules of Civil Procedure. Most of the cases construing those words require the conclusion that the two separate December and May automobile collisions involved in the instant case do not represent a "series of * * * occurrences" within the meaning of those words as used in Section 2307.191, Revised Code.

*Stanford* v. *Tennessee Valley Authority* (D. C. Tenn. 1955), 18 F. R. D. 152, was an action to recover for injuries to live stock, crops and land allegedly caused by the emission of fluorine gas fumes from the plants of two defendants located near plaintiff's property. In the court's opinion by Miller, District Judge, it is stated:

"An analysis of the complaint discloses that the defendants' plants are separately owned and operated and that they are located at different distances from the plaintiffs' property. Their activities are separate and distinct from each other although they are engaged in the same

general type of business. There is nothing on the face of the complaint from which it could be concluded that the plaintiff's claims against the two defendants arise out of the same transaction or occurrence, or out of the same series of transactions or occurrences. The transactions are separate as to each defendant. It follows, therefore, that there is a misjoinder of defendants."

*Forbes* v. *American Tobacco Co.* (D. C. Wis. 1965), 37 F. R. D. 530, was an action to recover damages on account of pulmonary emphysema and related heart injuries alleged to have been caused by breaches of warranties or, in the alternative, negligence of American Tobacco Company with respect to its cigarette products used by plaintiff and by breaches of warranties or, in the alternative, negligence of Hydrite Chemical Company with respect to its muriatic acid product used by plaintiff. In the opinion by Grubb, District Judge, it is stated:

"* * * the right to relief does not arise out of the same transaction, occurrence, or series of transactions and occurrences. The alleged breaches of warranties or negligence of American are separate and distinct from the alleged breaches of warranties or negligence of Hydrite."

*Insull* v. *New York World-Telegram Corp.* (D. C. Ill. 1959), 172 F. Supp. 615, was an action to recover against several defendants for libels that damaged plaintiff. In the opinion by Miner, District Judge, at page 637, it is stated:

"Plaintiff's claims against the Schlesinger defendants do not arise out of 'the same transaction, occurrence, or series of transactions or occurrences' as those asserted against the Trombley or Scripps-Howard defendants. There is no allegation that the alleged libels were published other than independently by the respective sets of defendants. There may well be a 'question of law or fact common to all of them,' but this latter, rather than being an alternative test for joinder, is a factor which must also exist in order that claims * * * may be properly joined under Section (a) of Rule 20. * * *"

See also *Kenvin* v. *Newburger, Loeb & Co.* (D. C. N. Y. 1965), 37 F. R. D. 473; 9 FR Serv. 2d 20a.2.

*Lucas* v. *Juneau* (D. C. Alaska 1955), 127 F. Supp. 730, permitted a joinder of the city as the operator of an ambulance which was negligent while carrying plaintiff to secure treatment for injuries caused by negligence of another defendant. This case merely follows the generally accepted doctrine that the tort-feasor is in no position to avoid liability for an aggravation sustained by the plaintiff in taking one of the steps necessary to obtain further treatment. In the instant case, there is no such connection between the two separate accidents.

In *Poster* v. *Central Gulf Steamship Corp.* (D. C. Pa. 1960), 25 F. R. D. 18, joinder was allowed only because the plaintiff's claim was based upon two occurrences which might result in concurrent liability of both defendants. In the instant case, there can be no such concurrent liability, as is recognized in paragraph three of the syllabus and in the latter part of paragraph two of the syllabus in the majority opinion.

As to any common question of law or fact, it is only suggested that, as stated in paragraph two of the syllabus, "where a tort-produced bodily injury is compounded or aggravated by a subsequent tort, resulting in a single injury, a common question of fact arises, within the purview of Section 2307.191 * * * as to the contribution of each tort-feasor to the compounded injury."

However, in making that suggestion, it is recognized that, because the two defendants here are independent and not concurrent tort-feasors, each of them can be held responsible only for that part of the damages, resulting from the second collision, that was caused by his independent negligence. See also paragraph three of syllabus and the majority opinion. This represents a recognition that there is no common question of fact in the case.

The question, as to how much damage was caused by the December collision defendant, is necessarily a different question than that of how much damage was caused by the May collision defendant.

KERNS and BROWN, JJ., concur in the foregoing dissenting opinion.