OPINION
Plaintiffs Douglas B. and Edward J. Miller appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which sua sponte dismissed appellants' third and fourth causes of action, and thereby dismissed defendants Matt Noyes and Heather Wilson from appellants' personal injury action. Appellants assign two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
A TRIAL COURT ABUSES ITS DISCRETION WHEN THE TRIAL COURT SUA SPONTE DISMISSES A PARTY NEEDED FOR A JUST ADJUDICATION WHO HAS BEEN PROPERLY JOINED.
ASSIGNMENT OF ERROR NO. 2
A TRIAL COURT'S DISMISSAL OF A PARTY PROPERLY JOINED AND NEEDED FOR A JUST ADJUDICATION IS A FINAL APPEALABLE ORDER.
Appellants' complaint alleged appellant Douglas Miller sustained three personal injuries from three incidents within a seven month period. Appellants alleged appellee Jade Ruddish negligently injured appellant Douglas Miller on December 10, 1996, in an automobile collision. Jade Ruddish is not a party to this appeal. Appellants alleged appellee Matt Noyes negligently injured appellant Douglas Miller during a confrontation in the City of Canton on January 1, 1997. Appellants further alleged appellee Heather Wilson negligently injured appellant Douglas Miller on July 4, 1997, in a motor vehicle accident. Appellants demanded judgment against the appellees jointly and severally. Two of the appellees filed answers. Both denied negligence and asserted the affirmative defense of comparative negligence and proximate cause. Appellee Noyes also asserted the defense of failure to join necessary parties. Appellants allege appellant Douglas Miller was diagnosed as suffering Hematuria with possible renal contusions and cervicothoracolambar sprain. Appellees disputed the proximate cause and/or aggravation of the claimed injuries. The trial court sua sponte dismissed the causes of action dealing with appellee Noyes and appellee Wilson on February 18, 1999, citing Civ.R. 20 and 21.
 II
Appellants urge the order appealed from is a final appealable order because the judgment is a denial of a provisional remedy or prevents a judgment, and also presents the issue of a plaintiff's right to control his or her own case. Civ.R. 54 (B) provides when more than one claim for relief is presented in an action, or when there are multiple parties, a court may enter a final judgment as to one or more, but fewer than all the claims or parties only if it finds there is no just reason for delay. R.C. 2505.02 states in pertinent part: (A) As used in this section:
 * * * (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a injunction, attachment, discovery of privileged matter, suppression of evidence.
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 * * * (4) an order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
Assuming arguendo joinder is a provisional remedy, we nevertheless find the trial court's order severing appellants' action against Ruddish from those against Noyes and Wilson is not a final appealable order, because it does not meet the requirements of R.C. 2505.02 (B)(4)(b). Appellants have not demonstrated they cannot be afforded a meaningful and effective remedy by appeal following final judgment as to all the proceedings, issues, claims, and parties in the action. Appellants may pursue their claims against each appellee individually, and may even file a motion to consolidate after discovery has focused the issues against the various appellees. Appellants cite us to Ryan v. Mackolin (1968), 14 Ohio St.2d 213, for the proposition that successive torts, separated and unrelated in time, place, or source, may constitute a series of occurrences to be joined in one action if there is a common question of law or fact. The Ryan court found the amount of contribution owed by each tortfeasor for the compounded injury can present a common question of fact. Appellants urge they have a right to join the independent tortfeasors so that a single trier of fact can apportion the amount of liability for injuries amongst the tortfeasors. While this is true, we note Ryan is a relatively old case, when compared to the recent changes in the concept of finality of judgments. Further we find the trial court may, if appropriate, sustain a motion to consolidate the actions against these various appellees at a future date if circumstances warrant. While we commiserate with appellants' argument the principles of judicial economy warrant our reviewing this issue now, rather than when the case or cases are finally resolved, nevertheless the finality of the order appealed from is jurisdictional, and this court does not have jurisdiction to review this judgment. The second assignment of error is overruled.
 I
We find we do not have jurisdiction to review this assignment of error.
For the foregoing reasons, the appeal is dismissed.
By Gwin, P.J., Farmer, J., and Reader, V.J., concur.