JOURNAL ENTRY AND OPINION
Appellant, Carol Shipley, is appealing the trial court's journal entry adopting the jury verdict, and entering judgment for appellant in the amount of $650.00 against appellee, Matthew Lertzman. For the following reasons, we reverse and remand.
On Sunday, May 26, 1996, appellee struck appellant's Cadillac from behind with his Isuzu Trooper. The parties stipulated that appellee was negligent. They did not stipulate that appellee's negligence was the proximate cause of appellant's injuries.
Appellant testified that she was in an automobile accident in 1990 or 1991. She was hit from behind, and her back and shoulders were injured. These injuries went away in a few months.
Appellant further testified that appellee's car hit her car with a heavy impact. The damage to the trunk and rear fender of appellant's car cost $1,850 to repair. The next day, appellant experienced pain in her neck, shoulder and upper back. She visited her doctor her doctor on Tuesday, May 28, because Monday was a holiday. The doctor gave her a prescription for Flexeril and told her to apply heat. The doctor said the injury would take time to heal.
Appellant did not visit the doctor again until July 29, 1996. The doctor prescribed physical therapy. In September, appellant experienced tingling and numbness in her hand. She was not getting better, so she decided to look for a specialist.
In January, 1997, appellant saw Dr. Yosowitz, an orthopedic surgeon. Dr. Yosowitz gave appellant a prescription for an anti-inflammatory, physical therapy and traction. Appellant stopped going to the doctor in March or April, 1997. Her son had a brain tumor, and she had to watch her grandchildren. In March, 1998, she went to the doctor again.
Appellant testified that she still experiences limited range of motion and sleepless. She is unable play golf or pick up her grandchildren.
Officer Tom Gibson testified that he went to the scene of the accident to investigate. The damage to appellant's vehicle was light, while appellee's vehicle sustained moderate damage.
Appellee testified that he was driving at a speed of 35 m.p.h. When the impact occurred, he was driving at 25 to 30 m.p.h. Appellee did not know how much it cost to repair his vehicle. The damage consisted of a small scratch on the fender. The police report said the whole front end was damaged.
Dr. Yosowitz testified that he treated appellant from January, 1997 until March 31, 1998. While physical therapy, traction and other therapies helped, appellant's symptoms were never alleviated. Continuing these conservative therapies would probably not be fruitful. If appellant got worse, Dr. Yosowitz recommended surgery or a spinal injection. Dr. Yosowitz opined that appellant's injuries were proximately caused by the accident. Appellant had pre-existing arthritic spurring and degenerative disc disease.
The trial court excluded the portion of Dr. Yosowitz's deposition where Dr. Yosowitz opined that appellant's injuries were permanent. Dr. Yosowitz's expert report dated October 13, 1998 was proffered into the record.
The report stated: That appellant did not respond completely to conservative treatment. She continues to seek treatment and will probably need treatment in the future. Her prognosis for complete recovery from the injuries appears guarded.
The trial court refused to give jury instructions concerning the permanence of the injury or loss of enjoyment of life.
The parties stipulated that appellant had reasonable medical expenses of $5,462. They did not stipulate as to the necessity of the expenses.
The jury found that appellant incurred $350 in medical expenses and $300 in pain and suffering and loss of enjoyment of life as a result of the accident.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN STRIKING FROM THE TRIAL DEPOSITION TESTIMONY OF APPELLEE'S TREATING PHYSICIAN ALL REFERENCES TO THE PERMANENT NATURE OF HER INJURIES.
The trial judge excluded evidence of permanency, finding that admission of this evidence would violate Loc.R. 21.1(B). Loc.R. 21.1(B) states in pertinent part:
 The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report.
The trial court has broad discretion to determine whether there is a violation of Loc.R. 21.1 and to fashion an appropriate remedy. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254;Pang v. Minch (1990), 53 Ohio St.3d 186. In deciding on sanctions for discovery violations, the trial court should consider: (1) the conduct of the party offering the expert testimony; (2) the prejudice suffered by the opposing party if the evidence is admitted; and (3) the prejudice suffered by the party offering the expert testimony if the testimony is excluded. See Laster v. Light
(Mar. 16, 1995), Cuyahoga App. No. 66747, unreported; Savage v.Correlated Health Service (1992), 64 Ohio St.3d 42; Sommer v.Davidson (Dec. 16, 1999), Cuyahoga App. No. 74937, unreported.
In this case, it is clear that appellant did not violate Loc.R. 21.1(B). Dr. Yosowitz's report is sufficient to indicate that appellant was claiming permanent injury. The report states that appellant will probably need treatment in the future, and her prognosis for complete recovery from the injuries appeared guarded. The trial court felt the expert report was insufficient because it said appellant will probably need future treatment. Loc.R. 21.1(B) does not require the expert report to be stated in terms of probability. Paul v. MetroHealth St. Luke's Medical Center (Nov. 19, 1998), Cuyahoga App. No. 71198, unreported. Loc.R. 21.1(B) only requires that the report notify the opposing party of the issues about which the expert will testify.
Additionally, appellee would not be prejudiced by admitting the testimony concerning permanency. A party is not prejudiced if he knew the witness would testify about that issue, and he had a full opportunity to depose the expert. Laster, supra. The party should be aware that an expert will testify to the ultimate issues of the case. Id. In this case, the complaint and the expert report indicated that permanency was an issue. Appellee had a full opportunity to depose Dr. Yosowitz.
Furthermore, the prejudice of depriving appellant of presenting the subject testimony exceeds the alleged "surprise" of the appellee. See Priebe v. Matthews (Aug. 31, 1995), Cuyahoga App. No. 68275, unreported (As Amended Nunc Pro Tunc Sept. 28, 1995);Laster, supra. Discovery rules should not be enforced in a manner that causes undue prejudice. Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83.
Appellant clearly did not violate Loc.R. 21.1. Appellee would not be prejudiced by admission of the evidence, and appellant was prejudiced by exclusion of the evidence. The trial court abused its discretion in excluding the expert's testimony concerning permanency.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN REFUSING TO PERMIT THE INVESTIGATING OFFICER TO TESTIFY ABOUT RELEVANT STATEMENTS APPELLEE MADE TO HIM AT THE ACCIDENT SCENE.
The court would not permit Officer Gibson to testify as to whether appellee told the officer that appellant's car was stopped when the collision occurred. Appellant asserts the police officer should have been allowed to testify as to appellee's statement that appellant's car was completely stopped at the time of the collision. Appellant asserts this testimony helps demonstrate the severity of the accident.
Appellee testified that appellant was stopped when the impact occurred. If any error occurred in excluding the police officer's statement, the error was harmless and not reversible error. See Evid. R. 103(A); Wall v. Firelands Radiology, Inc., (1995),106 Ohio App.3d 313, 337; State v. Gilmore (1986), 28 Ohio St.3d 190.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN REFUSING TO PERMIT APPELLANT TO IMPEACH APPELLEE WITH EVIDENCE OF THE COST OF REPAIR TO HIS VEHICLE.
Appellee stated in his answers to interrogatories that the damage due to the accident was repaired by Reliable Olds. Appellee had no documentation as to the cost of the repairs. Appellant attempted to introduce a letter from Reliable Olds, which stated that it cost $3,100 to repair appellee's vehicle. The letter stated the repairs were made in June, 1996. The letter does not state what was done to repair the vehicle.
The trial court would not allow admission of this letter. Appellee testified that he rear-ended someone else sometime after May 26, 1996. The subsequent accident occurred sometime during 1996. It was not clear whether the letter pertained to this accident, and/or a subsequent accident.
The letter was inadmissible because of lack of authentication. Evid. R. 901. No representative of Reliable Olds testified that Reliable Olds wrote the letter. The letter was not otherwise authenticated. Appellant did not show that the letter is what its proponent claims to be. See State v. Easter (1991), 75 Ohio App.3d 22.
Furthermore, the trial court properly excluded the letter due to lack of relevance or because its probative value was outweighed by potential misleading of the jury. Evid. R. 402, 403. There was no evidence the repairs discussed in the letter were solely the result of the May 26, 1996 accident.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE DAMAGES HEREIN WERE INADEQUATE AND THE RESULT OF PASSION AND PREJUDICE.
Due to our disposition of Appellant's first assignment of error, this assignment of error is moot.
Accordingly, this assignment of error is overruled.
The decision of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND SWEENEY, J., CONCUR
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE