OPINION
Defendant-appellant, Ronnie Parrot, appeals from his conviction in the Lebanon Municipal Court for aggravated menacing. We affirm.
On May 15, 1997, Parrot was charged with aggravated menacing in violation of R.C. 2903.21(A) and telephone harassment in violation of R.C. 2917.21(A)(3). Parrot entered a plea of not guilty and a bench trial was subsequently commenced on August 25, 1997. At trial, the state presented the testimony of Parrot's former supervisor, Allen Wedgeworth, and Officer Christopher Garrison of the Lebanon Police Department. Wedgeworth testified that on May 14, 1997, he received a phone message stating "you're a dead man walking" on the answering machine at his home. Wedgeworth testified that it was Parrot's voice on the message and that Parrot had left him a similar message at work on the same day. Upon cross-examination, defense counsel questioned Wedgeworth about other people who would have a motive to threaten him and also questioned Wedgeworth about his ability to identify Parrot's voice.
Officer Garrison testified that he responded to a complaint made by Wedgeworth on May 14, 1997. Officer Garrison testified that after arriving at the Wedgeworth residence, he listened to the message which stated that "you're a dead man walking." Officer Garrison testified that Wedgeworth identified the voice on the message as belonging to Parrot. Officer Garrison testified that he then taped the message and attempted to trace the call by using "star-69" but was unsuccessful.
Upon cross-examination, defense counsel questioned Officer Garrison about the adequacy of his investigation. Specifically, Officer Garrison was questioned about his failure to interview Parrot or any other persons besides Wedgeworth and his failure to have a voice analysis performed. Officer Garrison responded that he did not believe it was important to interview Parrot because he could have made the phone call and left the message from anywhere. Officer Garrison testified that he contacted the Miami Valley Crime Lab to perform a voice analysis of the message but was informed that they did not perform such tests. Officer Garrison also testified that after the FBI crime lab informed him that it would take a year to perform a voice analysis of the message, his supervisors determined that it was not worth the time or expense to have an analysis performed. Officer Garrison further testified that since Wedgeworth identified Parrot's voice, he did not believe a voice analysis was necessary.
After the defense presented a single witness who testified that he was fishing with Parrot on May 14, 1997, the state waived closing argument but reserved the right to make a rebuttal. Defense counsel for Parrot proceeded to make a closing argument during which he was interrupted by the trial judge on four occasions. After the prosecution made a brief response, the trial judge found Parrot guilty of aggravated menacing and sentenced him accordingly.
In his sole assignment of error, Parrot argues that the trial judge abused his discretion "in not allowing the defense to argue in closing argument that the police did not properly investigate the crime." Parrot argues that the trial judge's "decision to preclude defense counsel from addressing the officer's investigation during his closing effectuated an injustice on [Parrot] because it prevented [Parrot] from attacking the primary issue of the trial," the identification of the voice on the message.
The constitutional right to the assistance of counsel in a criminal prosecution has been interpreted so as to guarantee that the defense has an "opportunity to participate fully and fairly in the adversary factfinding process." Herring v. New York (1975), 422 U.S. 853, 858, 95 S.Ct. 2550, 2553. Closing arguments provide the defense with an opportunity to summarize the evidence and serve as a "basic element of the adversary factfinding process." Id. Accordingly, defense counsel in a criminal prosecution cannot be denied the opportunity to make a closing argument even if the matter is a bench trial that appears "open and shut" at the close of the evidence. Id. at 862-863,95 S.Ct. 2555-2556. However, although defense counsel must be afforded an opportunity to make a closing argument and is afforded wide latitude in making such an argument, a trial judge retains discretion to limit the duration and scope of closing arguments. Id.; Pang v. Minch (1990), 53 Ohio St.3d 186, 194. Thus, a trial judge's limitation on closing arguments will not be reversed absent an abuse of discretion. Pang at 194.
A review of the record reveals that almost immediately after defense counsel commenced his closing argument, the trial judge interrupted and asked defense counsel to address Wedgeworth's identification of Parrot's voice on the message. Defense counsel proceeded to argue that other people had a motive to threaten Wedgeworth and that Wedgeworth did not have the ability to identify Parrot's voice since they had not spoken for over eight months. The trial judge then interrupted for the second time and stated that Wedgeworth had spoken with Parrot only two months ago. After this brief interruption, defense counsel continued to argue that other people could have threatened Wedgeworth. When defense counsel started to criticize Officer Garrison for filing a criminal complaint without interviewing Parrot, the trial judge interrupted for the third time and stated that Officer Garrison is an "excellent officer" and "does his investigations very thoroughly." The trial judge then commented upon Wedgeworth's identification of Parrot's voice and asked defense counsel once again to address this point. Defense counsel proceeded to argue that Wedgeworth could have been mistaken and that voices could be imitated. When defense counsel stated that Wedgeworth "thinks" the voice belonged to Parrot, the trial judge interrupted for the fourth time and stated that Wedgeworth did not testify he "thinks" but testified that he was "positive" the voice belonged to Parrot. Defense counsel then concluded by arguing that the state's evidence was insufficient, because a voice analysis was not performed, there were no witnesses or phone records, and Wedgeworth could have been mistaken in his identification of the voice.
Parrot argues that since the trial judge's interruptions precluded his defense counsel from arguing that the police did not properly investigate the crime, his counsel was prevented from presenting an effective closing argument and attacking the identification of the voice on the message. We disagree. Although we find that some of the trial judge's interruptions and comments may have been inappropriate, this was a bench trial, not a jury trial and the trial judge never expressly limited defense counsel's closing argument but merely requested defense counsel to address Wedgeworth's identification of Parrot's voice. Further, our review of the record reveals that defense counsel was allowed to attack the identification of the voice on the message and to argue that the police did not perform an adequate investigation during his closing argument. Therefore, contrary to Parrot's argument on appeal, we conclude that the trial judge's interruptions did not preclude defense counsel from presenting an effective closing argument that addressed the critical issues raised by the evidence. See, generally, State v. Weaver (June 28, 1996), Lake App. No. 94-L-008, unreported. Accordingly, the trial judge did not abuse his discretion and Parrot's sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.