DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Vicki L. Bowens appeals an order granting a new trial to appellees-plaintiffs James Bostick, Glenette Bostick, Chaunte Bostick, and Jacob Bostick. This Court reverses.
 I.
On September 18, 1993, Bowens was involved in an automobile accident with the Bosticks on State Route 82. At the time, James Bostick was driving the Bosticks' automobile with his wife Glenette and their children Chaunte and Jacob as passengers. Bostick was attempting to exit a parking lot and turn left onto westbound Route 82. This required Bostick to cross over the eastbound lane of Route 82.
Just east of the parking lot from which Bostick sought to exit, there was an intersection with a traffic light. Additionally, just west of the parking lot exit, there was a railroad underpass that caused Route 82 to narrow. On the east side of the railroad underpass the eastbound lane of Route 82 widens in order to accommodate a left turn lane at the approaching intersection. As a result, at the point where Bostick sought to exit the parking lot, Route 82 was wide enough for two vehicles.
Because it was rush hour at the time of the accident, the traffic on Route 82 was heavy, making it difficult for Bostick to exit the parking lot. Most of the eastbound traffic was attempting to drive straight through the intersection; therefore, they were required to get in the right lane. Once the eastbound traffic had been stopped by the traffic light, it immediately backed-up to the parking lot exit. An eastbound truck that was also heading straight through the intersection stopped short of the traffic ahead of it and provided Bostick with sufficient space to exit the parking lot and cross through the eastbound traffic into the westbound lane.
As the truck waived Bostick through the gap in the traffic, Bowens' vehicle was passing under the railroad heading east on Route 82 approaching the rear of the stopped truck. Bowens intended to turn left at the approaching intersection, so she proceeded to pass the truck on the left. Just as Bowens proceeded to pass the truck, Bostick pulled out in front of the truck in an attempt to cross the eastbound lanes of traffic. Neither party saw the other until it was too late. The vehicles collided somewhere near the beginning of the left turn lane and came to rest along the double yellow center line.
Glenette Bostick was allegedly injured in the accident. As a result, the Bosticks filed a complaint against Bowens claiming that Glenette's injuries were proximately caused by Bowens' negligence, and that as a result, her two children were deprived of her society, companionship, and assistance. Her husband James alleged the same, as well as a loss of consortium. Bowens answered, alleging that James Bostick had been contributorily negligent.
The Bosticks' claims were tried to a jury. The Bosticks argued that Bowens' vehicle had forfeited the right-of-way by crossing the double yellow center line and exceeding the speed limit. Bowens argued that the Bosticks had failed to yield the right-of-way by pulling their vehicle out into the eastbound lane in front of her. The jury eventually returned a verdict in favor of Bowens and the trial court entered judgment accordingly.
Shortly thereafter, the Bosticks filed a motion for a new trial that is the subject of this appeal. In their motion, the Bosticks argued that a new trial was warranted based on irregularities in the proceedings by which they were prevented from having a fair trial, misconduct of the jury, inadequate damages given under the influence of passion or prejudice, a judgment that was not sustained by the weight of the evidence, and a judgment contrary to law. See Civ.R. 59(A)(1), (2), (4), (6), and (7). After reviewing the testimony presented at trial, the trial court granted the motion, concluding that a new trial was warranted because the verdict was contrary to law and was not sustained by the weight of the evidence. Bowens appeals from the order granting the Bosticks a new trial.
 II. A. First Assignment of Error The Trial Court erred when it granted plaintiffs-appellees' motion for new trial when there was substantial evidence to support the jury's verdict in favor of the defendant-appellant on the issue of liability for injuries allegedly arising from an automobile accident.
When reviewing a motion for a new trial under Civ.R. 59(A)(6), a trial court,
 must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility is passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence.
Rohde v. Farmer (1970), 23 Ohio St.2d 82, 92. "In evaluating the propriety of the trial court's decision premised on the weight of the evidence, * * * a reviewing court can reverse such an order for a new trial only upon a finding of an abuse of discretion."Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. Id.
In the entry granting the Bosticks a new trial, the trial court concludes:
 The jury in this case found that Plaintiffs [sic] were 100% negligent and that Defendant was 0% negligent. The evidence strongly indicates, however, that Defendant was negligent.
 To what degree, is not for the court to determine, but to let a verdict stand where Defendant was not found negligent at all would be a manifest injustice, indeed.
However, contrary to the trial court's assertions, the jury never apportioned negligence between the parties and never found that Bowens was zero percent negligent.
The jury was provided with three interrogatories pertaining to liability:
 A. Was Defendant, Vicki bowens [sic], negligent and did that negligence directly and proximately cause any injury to the Plaintiff, Glennette [sic] Bostick?
 B. Was the Plaintiff, James Bostick, negligent and did that negligence directly and proximately cause any injury to the Plaintiff, Glenette Bostick?
 C. State the percentages of negligence that directly and proximately caused the Plaintiffs' injury [sic].
The jury answered the first interrogatory in the negative. According to the instructions on the first interrogatory, "[i]f the answer of six (6) or more to A is `NO,' STOP your deliberations and sign the general verdict form for the Defendant, VICKI BOWENS[,] and inform the Bailiff." Therefore, the jury never proceeded to address the issue of Bostick's negligence and never apportioned negligence between the parties as the trial court claimed.
Additionally, the jury's answer to the first interrogatory cannot properly be interpreted as a finding that Bowens was zero percent negligent. The interrogatory that the jury answered was a compound question consisting of a question on the issue of negligence and a question on the issue of proximate cause. If the jury found that the answer to either question was "no," then it would have been required to answer the interrogatory in the negative. Therefore, the fact that the jury answered the interrogatory in the negative does not necessarily mean that it found Bowens to be zero percent negligent, as the trial court claimed. Rather, it could simply mean that the jury concluded that Bowens' negligence was not the proximate cause of the Bosticks' injuries.
Assuming arguendo that the evidence strongly indicates that Bowens was negligent, the jury still could have answered the first interrogatory in the negative by concluding that Bowens' negligence was not a proximate cause of the Bosticks' injuries. Accordingly, it was an abuse of discretion to grant a new trial on the basis of Bowens' negligence. The first assignment of error is well taken.
 B. Second Assignment of Error 2. The Trial Court erred when it found that a jury question during deliberations concerning whether the jury could find 50/50 liability and award no damages constituted jury misconduct and then, based on that question by the jury, granted plaintiffs-appellees' motion for new trial.
The trial court also determined that a new trial was warranted because the verdict was contrary to law pursuant to Civ.R. 59(A)(7). This decision was based on a question from the jury, wherein the jury asked: "By Law, can the jury find it 50/50 at fault with no money award?" From this question alone, the trial court concluded that the jury had failed to follow the instructions:
 According to the instructions, the jury was to not even consider the issue of damages until the issue of liability had first been determined. The question [quoted] above clearly references the issue of liability and damages. The jury, therefore, failed to follow specific instructions given to them by the Court concerning their deliberations. This
 Court cannot take the jury question lightly and treat it as harmless error for there is a great likelihood that Plaintiffs'[sic] were prejudiced if, in fact, the jury considered the issue of liability along with the issue of damages. The jury question strongly supports the fact that the jury did just that.
This Court disagrees.
The trial court responded to the question quoted above by instructing the jury that they had already been given all of the necessary instructions. "A presumption always exists that the jury has followed the instructions given to it by the trial court." Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus; Wray v. Parsson (Mar. 1, 1995), Lorain App. No. 94CA005870, unreported. Therefore, it can be presumed that the jury returned to the jury room after asking this question, reviewed the trial court's previous instructions, and followed them. The fact that the jury asked this question does not undermine the presumption that they subsequently followed the trial court's instructions. The second assignment of error is also well taken.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
DONNA J. CARR FOR THE COURT QUILLIN, J.
CACIOPPO, J.
CONCUR