City of AKRON, Appellee,

v.

DeCOLA, Appellant.

[Cite as *Akron v. DeCola* (1991), 81 Ohio App.3d 130.]

Court of Appeals of Ohio,
Summit County.

No. 14856.

Decided Sept. 25, 1991.

*Patrick M. Summers*, Assistant Prosecuting Attorney, for appellee.
*Albert S. Camplese*, for appellant.

CACIOPPO, Judge.

Appellant, Louis DeCola, appeals from his conviction of petit theft, in violation of R.C. 2913.02(A)(1). The circumstances surrounding DeCola's conviction involved the alleged theft of a book from the University of Akron library.

DeCola asserts one assignment of error. We affirm.

### Assignment of Error

"The prosecuting attorney, in expressing his personal opinion of guilt in such a manner that the jury understood that such opinion or belief was based upon information outside the evidence, was highly prejudicial to defendant, particularly when, such comment was based upon 'evidence' which was objectionable, and such comment was immediately followed by an appeal to the jury to vindicate the rights of the citizens of Ohio."

DeCola devotes his entire argument to three statements made by the prosecutor during closing argument. The three statements were:

"I don't know how many other books he has that belong to the library."

"That could have been this book, or that book. We don't know. He walked out of there another day with books he wasn't supposed to have."

"I believe then you will do your job in returning a verdict of guilty."

■ The assessment of whether the permissible bounds of closing argument have been exceeded is, in the first instance, a discretionary function to be performed by the trial court. *Pang v. Minch* (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph three of the syllabus. Such a determination will not be reversed on appeal absent an abuse of discretion. *Id.* Great latitude is afforded counsel in the presentation of closing argument. *Id.* at paragraph two of the syllabus.

As stated by the Supreme Court of Ohio in *State v. Stephens* (1970), 24 Ohio St.2d 76, 83, 53 O.O.2d 182, 186, 263 N.E.2d 773, 777:

"Two general rules seem to have evolved. In those instances where personal opinions of guilt are predicated upon the evidence, though frowned upon, they are not deemed to be prejudicially erroneous. Where opinions are expressed on facts outside the evidence, or are predicated on inferences based upon facts outside the evidence, such opinions have not been countenanced and the judgments in those cases have been reversed upon appeal."

A review of subject comments of the prosecutor, within the context of the entire transcript, does not persuade us that the comments were of such a nature as to require reversal. The first two comments were clearly based upon the testimony of a library employee that DeCola had, on a previous occasion, attempted to exit the building without properly checking items out. Further, the third comment appears of such a general, innocuous nature, as not to be prejudicial to DeCola.

■ DeCola's argument concerning the first and second statements also contends that the librarian's testimony concerning DeCola's attempt to leave the library without checking out materials violated Evid.R. 404. The court notes one general objection during the entire testimony concerning this incident. DeCola's lack of a specific objection coupled with the fact that the evidence demonstrated a plan or scheme convinces this court that the trial court did not abuse its discretion in permitting the evidence.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.