JOURNAL ENTRY and OPINION
This case is before the court on appeal from a judgment based upon a jury verdict in favor of the defendant on plaintiff's claims for breach of warranty. Plaintiff-appellant asserts that:
 I. THE TRIAL COURT ERRED WHEN IT PERMITTED DEFENDANT/APPELLEE TO INTRODUCE AS HEARSAY EVIDENCE, AND WITHOUT THE PROPER FOUNDATION, AN INSPECTION REPORT THAT DID NOT FALL UNDER ANY OF THE HEARSAY EXCEPTIONS.
 II. THE TRIAL COURT ERRED WHEN IT IMPROPERLY DENIED PLAINTIFF/APPELLANT THE RIGHT TO CALL ANY REBUTTAL WITNESSES.
In its responsive brief, defendant-appellee asserts a cross-appeal, urging that the court erred by overruling its motion for a directed verdict.
We find no prejudicial error in the trial court's evidentiary rulings, so we will affirm the judgment in favor of the appellee. This conclusion renders the cross-appeal moot; therefore, we need not address it.
 PROCEDURAL HISTORY
The complaint in this case alleged that on August 2, 1997, plaintiff Tammy Zender purchased a 1996 Dodge Caravan manufactured by defendant Daimler/Chrysler Corporation (Chrysler). She claimed the vehicle had multiple defects that Chrysler had not corrected. In three counts, plaintiff asserted that Chrysler breached express warranties and implied warranties of merchantability in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and violated express warranties in violation of R.C. 1345.72. The complaint was subsequently amended to name appellant Nicholas G. Zender as the plaintiff, in place of his wife, Tammy Zender.
The case proceeded to a jury trial on March 2, 2000. Appellant and his wife both testified. Appellant testified that the main problem he experienced with the vehicle was an intermittent difficulty with the brakes:
 The best way I can describe it is a feeling of hitting a patch of ice, when you go to hit the brakes for a second there is no gripping, the van continues to move and usually it takes another push down on the brake or lift off and then hit it again in order to get it to grab.
On cross-examination, appellant was asked about an inspection of the vehicle performed at appellant's request in September, 1999 by an individual named Bill Stalker. Appellant said he was not present during the inspection but received a copy of the inspection report, which he read once. He testified he did not know whether Stalker found anything wrong with the brakes. After again confirming that he had received a copy of Stalker's report, appellant was asked the following question and gave the following response:
 Q: And if I showed you that report[,] would that refresh your recollection as to the findings in that particular instance?
 A: Yes. Appellant's attorney objected to the use of the report as hearsay, but the court overruled the objection. The following exchange then took place:
 Q: And isn't it true that during that inspection with respect to the brakes that Mr. Stauker [sic] found that he did not feel that the ABS system can be faulted at this time?
A: No, that's not true.
 Q: That's not true. So when I read, I do not feel the ABS system can be faulted at this time, that's inaccurate? [Plaintiff's attorney]: Objection as to foundation. He already indicated he was not present during the inspection.
THE COURT: Overruled.
A: Without further testing.
 Q: He indicated that his test couldn't find anything wrong with the brake system; isn't that correct?
A: Yes.
 Q: Did he ever do any further testing that you're aware of?
 A: No. During cross-examination of appellant's wife, Chrysler's attorney also enquired about the results of Mr. Stalker's inspection of the vehicle:
Q: Did he [Mr. Stalker] inspect the brakes?
A: As far as I know, yes.
Q: Did you [sic] find anything wrong with the brakes?
A: Yes.
Q: What did he find?
 A: Some maintenance problems and well, to answer your questions, maintenance problems.
 Q: Isn't it true that in fact when he checked the system for ABS, he could find nothing wrong with the Antilock brake system?
[Appellant's counsel]: Objection, found ation.
THE COURT: Overruled.
Q: Pardon me?
A: Well, to answer yes or no, that would be yes.
 Q: That he wasn't able to find anything wrong with it?
A: Yes.
At the conclusion of the plaintiff's case, Chrysler moved for a directed verdict, which the court overruled. The defense then called two technicians who worked on appellant's vehicle and presented the videotaped deposition of a technical advisor employed by Chrysler. At the conclusion of Chrysler's case, Chrysler's renewed motion for a directed verdict was also denied.
Appellant's counsel then proposed to re-call appellant's wife as a rebuttal witness. The court rejected this proposal, stating that [t]here is no rebuttal here. The jury subsequently returned a verdict in favor of Chrysler, and the court entered judgment accordingly.
 LAW AND ANALYSIS
Appellant's assignments of error both address trial court rulings concerning the admission of evidence. It is clear that these matters lie within the sound discretion of the trial court, whose judgment will not be disturbed unless it is unreasonable, arbitrary or unconscionable. Felden v. Ashland Chem Co. (1993), 91 Ohio App.3d 48, 59. Furthermore, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. Evid.R. 103. In short, harmless evidentiary error is not a ground for reversal and retrial. Evid.R. 103, Staff Note.
The first assignment of error complains about the court's admission of statements from Bill Stalker's written report. Appellant argues that the statements are hearsay and there was not a proper foundation for its admission under any of the hearsay exceptions contained in Evid.R. 803 and 804.
We agree that statements contained in the report were hearsay; that is, they were statement[s], other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). We can perceive no other purpose for Chrysler to question appellant and his wife about Stalker's statements, except to directly contradict their claim that there were problems with the vehicle. We also agree that Chrysler did not offer evidence that the statements met any of the exceptions to the hearsay rule.
Chrysler urges that Stalker's report was properly used to refresh appellant's recollection. Evid.R. 612:
 * * * allows an attorney to show (not read) a writing to the witness and allows the witness to read it silently to refresh his or her memory. * * * If refreshed, the witness then testifies using present independent knowledge. * * * If a witness's memory is not refreshed, the cross-examination is completed and the jury cannot be informed of the nature of the writing or its contents.
Dellenbach v. Robinson (1993), 95 Ohio App.3d 358, 368 (citations omitted). Counsel's quotation from the report and direct questions as to its contents were plainly not appropriate inquiries about refreshed recollection. Improper hearsay cannot be converted into proper refreshed recollection simply by asking the witness if he or she remembers the out-of-court statement of a third party.
However, we find that any abuse of discretion in allowing Chrysler to use statements from Stalker's report to cross-examine appellant and his wife was harmless. Stalker's statements were not the only ones on the record to contradict appellant; both technicians who testified on behalf of Chrysler said that they found no evidence of the problems of which appellants complained. Therefore, the references to Stalker's report were merely cumulative of other evidence in the record. The jury had ample grounds for finding that appellant failed to prove his breach-of-warranty claim. Accordingly, the first assignment of error is overruled.
The second assignment of error claims the court improperly denied appellant the right to call his wife as a rebuttal witness.
A party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief. Phung v. Waste Management, Inc. (1994), 71 Ohio St.3d 408, 410. In this case, however, appellant cannot show that the testimony he proposed would have been proper rebuttal because appellant never proffered the testimony he would have introduced on rebuttal. Under Evid.R. 103(A)(2), error may not be predicated on a ruling that excludes evidence unless the substance of the evidence was made known to the court by offer or was apparent from the context in which questions were asked. Therefore, the second assignment of error is overruled.
Having found no error prejudicial to the appellant, we need not consider Chrysler's cross-appeal because the alleged error could not have prejudiced Chrysler. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph eight of the syllabus.
For the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
 __________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCUR