DECISION AND JUDGMENT ENTRY
This is an appeal from a November 29, 1999 decision of the Lucas County Court of Common Pleas, that granted appellees, Donald Habegger and Wendy Habegger ("the landlords"), summary judgment on the claims brought by appellants, David H. Moore and Antoinette M. Moore, against appellees after appellant David Moore, a tenant of appellees, was abducted by criminals in the parking lot of the rental units owned by appellees, taken to a secluded area and shot. Appellants have presented one assignment of error for consideration on appeal that is:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER ALL OF THE EVIDENCE PRESENTED AND GRANTED APPELLEES SUMMARY JUDGMENT."
When considering whether summary judgment was properly granted, this court is guided by the provisions of Civ.R. 56(C) which read, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Keeping that standard in mind, we have reviewed the facts and procedure in this case and the arguments presented by the parties, and for the following reasons we conclude that the trial court did not err when it granted summary judgment to appellees.
The following facts are undisputed. Appellants are tenants in a multi-unit rental property located in an area of Toledo, Ohio known as the Old West End. Appellants have been tenants in the building for more than ten years, and for almost eight of those years, appellant David Moore was the resident manager. Appellees purchased the rental building where appellants live approximately two years before the incident that gave rise to this suit took place. Shortly after they purchased the building, appellees eliminated the residential manager position, and appellee Donald Habegger began to manage the apartments himself.
On December 23, 1996, at approximately 7:30 p.m., appellant David Moore returned home after spending the day shopping for items needed for a Christmas party. He parked his car near a trash dumpster in the parking lot that was part of the rental property. As he went toward the trunk of his car to begin unloading some of the items he bought, he was approached by a young man asking him directions. He gave the requested instructions and returned to his original task. When he looked up again, he saw the same young man, accompanied by a second young man. He became alarmed, and tried to get away by walking swiftly toward the entrance to his apartment building. However, both young men had guns drawn, and they ordered appellant to give them the keys to his car. They forced appellant David Moore to get into his car, drove him to a secluded area, ordered him out of the car and shot him a total of five times. The last shot was in his head, while he was lying on the ground where he fell when trying to run away from his attackers.
Appellants filed this suit against appellees, their landlords, and against the two young men who abducted and shot appellant David Moore, as well as several "John Does". They alleged that appellees negligently maintained and controlled the apartment complex common areas. Specifically, they alleged that appellees knew or should have known of criminal activities in the area and should have provided adequate lighting in the common areas to prevent criminals from acting or to allow appellant to avoid the criminals. They also brought a claim on behalf of appellant Antoinette Moore for loss of consortium.
Appellees filed an answer denying any liability for appellants' injuries. Appellees also filed a motion for summary judgment.
In support of their motion for summary judgment, appellees said that they did not breach their duty to take some reasonable precautions to provide reasonable security. They alleged that the parking lot and courtyard of the apartment complex were well lit, that there were lights next to the exterior doors of each apartment, that all the doors were equipped with deadbolt locks and alarms and that the first floor windows where the lighting did not reach were covered with bars. Furthermore, they alleged that they were not aware of any criminal activity or security problems at the apartment complex, and no tenants had complained regarding inadequate security. Finally, appellees alleged that appellants had a superior knowledge of the neighborhood, and were in the best position to take reasonable measures for their own safety.
To support the arguments presented in their memorandum accompanying their motion for summary judgment, appellees filed an affidavit of appellee Donald Habegger. They also filed the transcript of appellant David Moore's testimony from the criminal trial of the two young men who were convicted of abducting and shooting appellant David Moore. The transcript showed that appellant David Moore testified that even though it was dark by 7:30 on the night of the crime, he was able to clearly see the faces of the two young men and he was certain of his ability to identify them as the young men who kidnaped and shot him. He testified about the lighting in the parking lot and on the apartment building, as well as lighting from a nearby street. He said the lighting made it possible for him to clearly see the faces of the two young men before they forced him into his own car.
Appellants filed a memorandum in opposition to the motion for summary judgment. They argued that appellees were negligent because they did not provide enough lighting in the parking lot to discourage criminal activity. They provided the affidavit and report of an expert witness who said that his review of a videotape of the lighting conditions at the apartment building made months after the night appellant David Moore was abducted and shot showed that the exterior lights flicked off and on at irregular intervals, leaving short times of complete darkness. The expert said in his opinion, this was an open invitation to criminal activity, since criminals choose dark locations to carry out crimes so that their faces cannot be seen and they cannot be identified.
Appellants also argued that appellees should have known that criminal activity was foreseeable and should have taken reasonable steps to provide better security in the common areas of the apartment building. Appellants provided police reports from 1992 to 1996 showing criminal activity that had taken place in the Old West End. The reports showed eight assaults, four car thefts, two car part thefts, one aggravated robbery and one aggravated burglary during the four year time period.
The trial court considered the arguments of the parties and concluded that appellees were entitled to summary judgment as a matter of law. While the trial court recognized that appellants showed that the lights "suffered mechanical difficulties" and would "cut in and out" at a date after appellant David Moore was kidnaped and shot, it also noted that the evidence did not show that the lighting was not operating properly on the night of the crime. Indeed, the testimony of appellant David Moore established that the lighting was more than sufficient for him to see and to identify his abductors.
In addition, the trial court concluded that it could not find that appellees should have foreseen that third parties would kidnap and shoot appellant David Moore. The trial court said when all the facts of the case were considered, it was clear that appellees had no knowledge of prior security problems at the apartment complex. The trial court therefore granted appellees' motion for summary judgment.
Appellants subsequently voluntarily dismissed all their claims against any persons other than appellees, and also voluntarily dismissed appellant Antoinette Moore's claim for loss of consortium. The trial court therefore entered its summary judgment as a final order, finding no just cause for delay. Appellants then filed a notice of appeal in this court.
Appellants argue in support of their sole assignment of error that the trial court did not consider all the evidence they presented to show that appellees could foresee that criminal acts by third persons were likely to be committed in the common areas of their rental property. Appellants point again to the evidence they presented through their expert witness's report and affidavit to show that appellees did not provide adequate lighting to prevent criminal activity in the parking lot. Appellants acknowledge that the trial court discounted the expert's opinion and "made the inference that since Moore was able to identify his assailants, there must have been adequate lighting, and thus reasonable security." However, appellants argue that "this is an inference which should only be made by a jury upon listening to all the evidence." Appellants argue that the ruling of the trial court amounted to a weighing of the credibility of witnesses, which the trial court must not do to reach a decision on a motion for summary judgment.
Ohio case law makes it clear that: "As a general rule, landlords have no duty to protect their tenants from the criminal acts of third persons." Doe v. Flair Corp. (1998), 129 Ohio App.3d 739, 746. However, a landlord does have a duty to take reasonable measures to provide reasonable security in common areas. Id. Liability for a breach of that duty attaches only if the tenant can show that:(1) the landlord could have reasonably foreseen criminal activity and did not take reasonable measures to provide reasonable security; and (2) the negligence of the landlord existed at the time the criminal activity took place and proximately caused the tenant's injury. Id. at 747.
The appellants' argument that the trial court improperly judged credibility is misplaced. The trial court did not discount the evidence that the lights outside the apartment building were mechanically malfunctioning when they were videotaped months after appellant David Moore was abducted and shot. The trial court accepted that information as true. The trial court essentially ruled that the information was irrelevant, because it did not show that those same lighting malfunctions occurred on the night that appellant David Moore was abducted and shot. Indeed, the only evidence before the trial court and before this court relating to the lighting conditions on the actual night of criminal activity, the trial testimony of appellant David Moore, shows that the lighting was working, and that appellant David Moore was able to see the two young men in the parking lot. The trial court therefore did consider the expert testimony evidence presented by appellants and concluded that it was irrelevant for establishing that appellees negligently performed their duty to take reasonable security measures on the only night that matters for establishing liability to appellants, December 23, 1996.
Appellants additionally argue that they provided ample evidence to show that appellees should have known that their rental property was located in a high crime area, and should have foreseen that criminal third parties might harm their tenants. Appellants appear to be arguing that as long as criminal actions by third parties are foreseeable, a landlord has absolute liability for those criminal acts.
The standard argued by appellants is not the accepted standard in Ohio law. As the Eighth District Court of Appeals stated:
 "* * * liability only attaches where the landlord should have reasonably foreseen the criminal activity in question and failed to take reasonable precautions to prevent such activity, and this failure was the proximate cause of the tenant's harm. Foreseeability is based upon whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of the act." Id. at 746. (Citations omitted).
In this case, the only act that appellants say was not performed that should have been performed because criminal acts by third parties was foreseeable was to provide adequate lighting in the common areas, specifically the parking lot. However, as we have already noted, appellants failed to show that duty was negligently performed on the night in question, or that poor lighting was a proximate cause of appellants' injuries. Therefore, there is no evidence to show that appellees negligently performed their duty to provide reasonable security in the parking lot. A landlord is not an insurer of the rental premises against all criminal acts by third parties. Id. at 746.
In addition, we agree with the trial court that even considering the information provided by appellants regarding the crime statistics for the Old West End in general, the facts when considered as a whole did not make it foreseeable that criminals would abduct appellant David Moore from the parking lot and would drive him to a secluded area where they would shoot him five times. There was no history at the apartment building of criminal activity and no such complaints were made to the landlords in this case. Appellants' sole assignment of error is not well-taken and is denied.
We note that appellees filed an assignment of error pursuant to R.C.2505.22. The assignment of error is:
 "The trial court erred in considering the appellant's expert's opinion, which is inadmissible under Evid.R. 401, 402, and 703."
R.C. 2505.22 provides:
 "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."
The Supreme Court of Ohio has ruled that appellate courts may not always consider assignments of error filed under this statutory provision. Specifically, the Supreme Court of Ohio has ruled:
 "Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. The judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals." Pang v. Minch (1990), 53 Ohio St.3d 186, 191, paragraph eight of the syllabus.
Since this court has affirmed the summary judgment granted to appellees by the trial court, we decline to consider the merits of appellees' alternative assignment of error.
The judgment of the Lucas County Court of Common Pleas granting summary judgment to appellees is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.