DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Kristina Smith has appealed from the judgment of the Summit County Court of Common Pleas awarding her $28,000 in damages. This Court reverses.
 I {¶ 2} In 1997, at the age of nine, Appellant was involved in an automobile accident. As a result of the accident, Appellant suffered severe injuries to her face and head. Appellant settled her claims against the driver of the car, Rebecca Wilt, her parents, and the owner of the car, Kenneth Wilt. Thus, prior to judgment in the instant personal injury suit, Appellant had settled with all other defendants and received a total of $191,000.
 {¶ 3} In addition to the above defendants, Appellant filed suit against Appellee-Defendant Corey Shaffer. Appellant alleged that Mr. Shaffer had yanked the wheel of the car during the accident causing the car to collide with a tree, causing Appellant's injuries. Appellee could not be located and Appellant's complaint was served upon the Secretary of State. As Appellee failed to answer the complaint, default judgment was entered against him. The trial court then held a hearing on damages. Following the hearing, the trial court determined that Appellant's total damages were $275,000. The trial court then entered judgment against Appellee in the amount of $28,000. Appellant has timely appealed the trial court's judgment, raising one assignment of error.
 II Assignment of Error
"THE TRIAL COURT ERRED IN THE AMOUNT OF MONEY AWARDED TO PLAINTIFFS AGAINST DEFENDANT COREY SHAFFER UNDER THE THEORY OF JOINT AND SEVERAL LIABILITY OF JOINT TORTFEASORS."
 {¶ 4} In her sole assignment of error, Appellant has asserted that the trial court erred in its allocation of damages. Specifically, Appellant has argued that the trial court improperly reduced the damage award against Corey Shaffer to $28,000. This Court agrees.
 {¶ 5} We begin by noting that Appellant has not challenged the trial court's determination that her damages were $275,000. Rather, Appellant has challenged the trial court's determination that Appellee is responsible for less than the remaining $84,000 in damages which have not been paid by the settling parties.
"[W]here a plaintiff suffers a single injury as a result of the tortious acts of multiple defendants, the burden of proof is upon the plaintiff to demonstrate that the conduct of each defendant was a substantial factor in producing the harm. Once this burden has been met, a prima facie evidentiary foundation has been established supporting joint and several judgments against the defendants. Thereafter, the burden of persuasion shifts to the defendants to demonstrate that the harm produced by their separate tortious acts is capable of apportionment." (Citations omitted.) Pang v. Minch (1990), 53 Ohio St.3d 186, 197.
In the instant matter, it is undisputed that the conduct of Appellee and each of the settling defendants was a substantial factor in producing the harm caused to Appellant. Thus, we proceed to determine whether the trial court properly apportioned the damages. In this regard:
"Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor." Id. at paragraph six of the syllabus, adopting 2 Restatement of the Law 2d, Torts (1965), Section 433B.
As Appellee did not appear in the action below, no evidence was submitted regarding apportionment.
 {¶ 6} "In the case of joint tort-feasors, the injured party may settle his claim against one of them, reserving the right to sue the other, and the amount the injured party receives from the one can be set off pro tanto against the injured party's claim against the other tort-feasor." (Emphasis omitted.) Hillyer v.East Cleveland (1951), 155 Ohio St. 552, 561. Accordingly, Appellant was within her rights to settle with the Wilt defendants and still seek damages against Appellee. The trial court found that Appellant's damages were $275,000. As noted above, following such a determination, the trial court was obligated to set off the amounts received from the other tortfeasors, a total of $191,000. Accordingly, Appellant was entitled to judgment against Appellee in the amount of $84,000. Appellant's sole assignment of error has merit.
 III {¶ 7} Appellant's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into Court of Appeals of Ohio, Ninth Judicial District execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Moore, J., Reece, J., concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)