I respectfully dissent from the majority's disposition of the first assignment of error. The trial court safeguarded plaintiff's right to a fair trial by specifically instructing the jury to disregard the notes. It is well-settled that juries are presumed to follow and obey instructions given by the trial court. Pang v. Minch (1990),53 Ohio St.3d 186, paragraph four of the syllabus. There is nothing in the record to suggest that the jury was less than conscientious in this regard.
Further, the trial court determined that the jury was not tainted in any way by the substance of the notes, the way in which the notes were discovered, or the instruction given by the court. The court individually questioned each juror, all of whom stated they could remain fair and impartial in deciding the case. Plaintiff does not advance any reasonable argument to contradict the jurors' statements or the trial court's finding concerning their impartiality. The trial court had a superior opportunity to observe the jurors for purposes of evaluating their credibility, and I decline to substitute my judgment for that of the trial court. See Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Moreover, the trial court was in a superior position to determine whether the jury's verdict was based upon bias against any party or the evidence presented at trial. In that regard, I note that the jury apportioned only seventy-five percent fault to plaintiff. Had the jury been prejudiced against plaintiff by either the notes or the jury instruction, it is unlikely that it would have taken the time to evaluate the evidence and apportion fault between the parties. To the contrary, the jury would undoubtedly have apportioned one hundred percent fault to plaintiff.
Consequently, given these facts and in light of the principles noted above, I believe that the trial court did not abuse its discretion in denying plaintiff's motion for a mistrial. While I might have ruled differently had plaintiff's motion been before me in the first instance, I am limited herein to a determination of whether the trial court's denial of plaintiff's motion constituted an abuse of discretion. Under the circumstances presented, I cannot find that it did. Accordingly, I would overrule the first assignment of error.
Pursuant to my determination that the trial court did not abuse its discretion in giving the instruction and denying the motion for mistrial, I cannot find that the trial court abused its discretion when it denied the motion for new trial on the same grounds. In all other respects, I concur in the majority opinion.