JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Deborah Mink, appeals the judgment of the Hamilton County Municipal Court in favor of plaintiff-appellee, General Electric Evendale Employees Federal Credit Union ("GE"), in a breach-of-contract action. We have consolidated Mink's appeals. For the following reasons, we affirm the trial court's judgment.
Mink owed money to GE under a promissory note and an overdraft-protection provision of her bank account. GE sued Mink, claiming that she had not paid the debts. The trial court entered judgment in favor of GE in the amount of $2604.11.
In the appeal numbered C-030302, Mink now argues that the trial court erred by overruling her motion to dismiss and to strike pleadings. The basis of her motion was that counsel for GE had initially failed to provide Mink with his Internet address.
Civ.R. 11 requires that pleadings include counsel's Internet address, if any. In the case at bar, the magistrate noted that counsel had provided the address prior to the hearing on Mink's motion to dismiss and held that Mink had not been prejudiced by the apparent oversight. The trial court adopted the magistrate's report in overruling Mink's objections.
We find no error in the trial court's decision. Sanctions for violations of the civil rules are committed to the sound discretion of the trial court, and a reviewing court will not reverse a trial court's decision concerning sanctions absent an abuse of that discretion.[1] Because Mink did not demonstrate that she was prejudiced by the absence of counsel's Internet address on the pleadings and because the omission was corrected in a timely fashion, we cannot say that the trial court's denial of Mink's motion was unreasonable, arbitrary, or unconscionable.[2] Mink's assignment of error in the appeal numbered C-030302 is overruled.
In the appeal numbered C-030611, Mink argues that the trial court erred in denying her motion for relief from garnishment. Mink does not argue that the debts were invalid or that the trial court erred in its calculation of the amount of the garnishment. Rather, she maintains that she was entitled to relief because she was the sole support for her disabled husband. We find no legal support for this assertion. Accordingly, the assignment of error in the appeal numbered C-030611 is overruled, and the judgment of the Hamilton County Municipal Court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] Fetters v. St. Francis/St. George Hospital, Inc. (Mar. 17, 2000), 1st Dist. No. C-990410, citing Pang v. Minch (1990),53 Ohio St.3d 186, 559 N.E.2d 1313.
[2] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.