[Cite as *State v. Zecher*, 2011-Ohio-2630.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

<table>
<tr><td>STATE OF OHIO,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>PLAINTIFF-APPELLEE,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>VS.</td><td>)</td><td>CASE NO. 09-MA-110</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>MICHAEL ZECHAR,</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>DEFENDANT-APPELLANT.</td><td>)</td><td></td></tr>
</table>

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 2007CR00649

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney Scott C. Essad
5815 Market Street, Suite 1
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 26, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Michael Zechar, appeals from a Mahoning County Common Pleas Court judgment convicting him of two counts of rape and the resulting sentence, following a jury trial.

{¶2} On July 7, 2007, a Mahoning County grand jury indicted appellant on two counts of rape. On May 16, 2008, the grand jury issued a superseding indictment charging him with one count of rape when the victim's ability to resist or consent is substantially impaired because of physical condition, a first-degree felony in violation of R.C. 2907.02(A)(1)(c)(B); and two counts of rape where the victim was less than 13 years old and the offender compelled the victim to submit by force or threat of force, first-degree felonies in violation of R.C. 2907.02(A)(1)(b)(B).

{¶3} The matter proceeded to a jury trial. The parties finished presenting evidence on a Friday. The trial court informed the jury that they had received all of the evidence and instructed them not to form any opinions over the weekend. The jury then heard closing arguments and the instructions of law the following Monday. The jury found appellant guilty of one count of rape when the victim's ability to resist or consent is substantially impaired because of physical condition and one count of rape where the victim is less than 13 years old. It found him not guilty of rape by force or threat of force.

{¶4} The trial court subsequently sentenced appellant to eight years in prison on each count to be served concurrently. The court also found appellant to be a tier III sexual offender.

{¶5} Appellant filed a timely notice of appeal on June 19, 2009.

{¶6} Appellant raises two assignments of error, the first of which states:

{¶7} "THE TRIAL COURT'S SENTENCING OF APPELLANT MICHAEL ZECHAR WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AS WELL AS AN ABUSE OF DISCRETION."

{¶8} Appellant first argues that the United States Supreme Court decision in *Oregon v. Ice* (2009), 555 U.S. 160, has made constitutional the portions of R.C. 2929.14 that *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ruled were unconstitutional. Appellant basically contends here that *Foster* is no longer good law

and all of the statutory sentencing provisions that *Foster* struck down are now back on the books. He asserts, therefore, that his sentence must be reversed and the matter remanded so that the trial court can consider the statutory sections severed by *Foster*.

{¶9} Appellant also argues that the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 because it did not mention them at the sentencing hearing or in its judgment entry. Thus, appellant asserts that the court abused its discretion in sentencing him.

{¶10} Prior to the Ohio Supreme Court's ruling in *Foster*, 109 Ohio St.3d 1, the trial court was required to make certain factual findings on the record before imposing non-minimum and consecutive sentences. However, in *Foster*, the Supreme Court held that this judicial fact-finding violated the defendant's right to a jury trial. Id. at ¶ 83. Therefore, the Court severed those portions of Ohio's sentencing statutes that required the trial court to engage in judicial fact-finding.

{¶11} In *Ice*, the United States Supreme Court upheld the constitutionality of an Oregon statute similar to Ohio's pre-*Foster* consecutive-sentencing statute. The Oregon statute upheld by the Supreme Court requires trial judges to make factual findings prior to imposing consecutive sentences.

{¶12} The Ohio Supreme Court recently addressed *Ice's* applicability to *Foster* and Ohio's sentencing statutes:

{¶13} "Had we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster*, we likely would have ruled differently as to the constitutionality, and continued vitality, of our own state's consecutive-sentencing provisions. But, we did not have that guidance, and our holding was reasonable in light of the status of federal constitutional law at the time." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, at ¶20.

{¶14} In rejecting the appellant's argument that it should overrule *Foster's* holding that R.C. 2929.14(E)(4) and 2929.41(A) are unconstitutional and hold that the consecutive-sentencing statutes struck down in *Foster* have been revived by *Ice*, the

Court made the following observations. It stated that a rule of automatic revival would potentially disrupt expectations of predictability and finality that attach as a consequence of its issuing a decision holding a statute unconstitutional. Id. at ¶29. It went on to point out that all parties involved in our criminal justice system have justifiably relied on *Foster's* holdings regarding consecutive sentences and a determination that hundreds or thousands of defendants who have received constitutionally acceptable consecutive sentences would nevertheless be entitled to resentencing "would disrupt reasonable and settled expectations of finality." Id. at ¶31. And the Court determined that ordering resentencing in the numerous cases where consecutive sentences were imposed in reliance on *Foster* would place an undue burden on the judicial system. Id. at ¶32. Finally, the Court noted that *Foster* was not on direct appeal in *Ice* and *Ice* did not directly overrule *Foster*. Id. at ¶37.

**{¶15}** Ultimately the Court held:

**{¶16}** "The jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. (*Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, construed.)

**{¶17}** "The United States Supreme Court's decision in *Oregon v. Ice* * * * does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster* * * *.

**{¶18}** "Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs one, two, and three of the syllabus.

**{¶19}** As to whether *Ice* applies to the other statutory sections struck down by *Foster* (involving non-minimum, maximum, and certain repeat violent offender sentences), the Court had this to say:

**{¶20}** "Moreover, this court in *Foster* also severed a number of other statutory provisions besides the consecutive-sentencing ones on the authority of *Blakely* and

*Apprendi.* The other stricken provisions are not at issue in this case, and the holdings in *Foster* regarding these provisions were not implicated in *Ice*. We are unable to say that the General Assembly would intend the consecutive-sentencing provisions to be resurrected when the other judicial fact-finding provisions, which supported the overall sentencing framework, remain constitutionally invalid and excised." Id. at ¶27.

{¶21} In the present case, appellant was sentenced to non-minimum, *concurrent* sentences. Thus, the consecutive-sentencing statutes at issue in *Hodge* and *Ice* do not apply to appellant. Furthermore, because *Hodge* makes clear that *Ice* had no effect on the other Ohio statutes severed by *Foster*, including R.C. 2929.14(B) requiring judicial fact-finding before the imposition of non-minimum sentences, this aspect of appellant's sentence also is unaffected by *Ice*.

{¶22} In light of the above, we are simply left to determine whether appellant's sentence is contrary to law or demonstrates an abuse of discretion by the trial court.

{¶23} Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." Id. (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶¶ 13-14. (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. Id. at ¶17. (O'Conner, J., plurality opinion).

{¶24} Appellant was convicted of two first-degree felonies. The possible prison terms for a first-degree felony are three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to eight years on each count to be served concurrently. The eight-year sentences were clearly within the applicable statutory range.

{¶25} Further, the trial court considered the necessary statutes in reaching its sentence. In its sentencing judgment entry, the court explicitly stated that it "carefully considered Section 2929.11 and 2929.12." Appellant contends that it was an abuse

of discretion not to further elaborate on this point. But "the trial court's mere statement that it considered the factors in R.C. 2929.12 is sufficient to establish compliance with its duty." *State v. Barnette*, 7th Dist. No. 06-MA-135, 2007-Ohio-7209, at ¶25. The record must simply "somehow indicate" that the trial court considered both R.C. 2929.11 and 2929.12. *State v. Jones*, 7th Dist. No. 07-MA-159, 2008-Ohio3336, at ¶14. There is no requirement that the court expound upon its analysis of the factors in these statues.

**{¶26}** Thus, appellant's sentence is not contrary to law nor does it constitute an abuse of discretion.

**{¶27}** Accordingly, appellant's first assignment of error is without merit.

**{¶28}** Appellant's second assignment of error states:

**{¶29}** "IT WAS ERROR FOR THE TRIAL COURT TO TELL THE JURY THAT ALL OF THE EVIDENCE WAS IN AND THE CASE WAS OVER SAVE FOR CLOSING ARGUMENTS AND THEN SEND THEM HOME FOR THE WEEKEND, EVEN WITH A LIMITING INSTRUCTION FOR THEM NOT TO DECIDE THE CASE OR FORM AN OPINION."

**{¶30}** Here appellant argues that the trial court erred when it instructed the jury, at the close of evidence on a Friday afternoon:

**{¶31}** "[T]he instructions that I've given through the course of the week are probably more important now than they have been. And that is you've received all of the evidence now. But there's two parts, as I indicated, that you are still going to receive. That is closing arguments, and although closing arguments, like opening statements, are not evidence, the attorneys have an opportunity to present to you what they believe the evidence has demonstrated. And then you will receive the instructions of law from me, which will absolutely assist you as you go through the evidence that you've heard.

**{¶32}** "So, again, do not discuss this case among yourselves, do not permit anyone to discuss it with you or in your presence, and don't form or express any opinion about this matter until Monday morning when I instruct you to retire to begin your deliberations." (Tr. 959-60).

{¶33} Appellant asserts that the trial court should not have told the jury that they had heard all of the evidence. He contends that the court's instruction not to form an opinion could not possibly work because it is human nature to form opinions especially since the jury had the entire weekend to think about the case.

{¶34} A jury is presumed to follow the instructions given by the trial court. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶147; *State v. Treesh*, 90 Ohio St.3d 460, 480, 2001-Ohio-4; *State v. Garner* (1995), 74 Ohio St.3d 49, 59. Absent evidence to the contrary, we must presume that the jury followed the trial court's instructions. *State v. Bey* (1999), 85 Ohio St.3d 487, 491; *Pang v. Minch* (1990), 53 Ohio St.3d 186, at paragraph four of the syllabus.

{¶35} In this case, appellant has offered no evidence to rebut the presumption that the jury followed the trial court's instructions not to discuss the case and not to form an opinion over the weekend after receiving all of the evidence. Consequently, we have no choice but to presume that the jury did in fact follow the court's admonition.

{¶36} Accordingly, appellant's second assignment of error is without merit.

{¶37} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.